EMILIO M. GARZA, Circuit Judge,
with whom EDITH BROWN CLEMENT and OWEN, Circuit Judges, join, dissenting:
Because I disagree with the majority’s determination that this case is moot on the present record, I respectfully dissent.
If this case is moot, it is because&emdash;as the majority recognizes&emdash;“Harris County, by its ‘last-minute’ voluntary acts, [has] removed (temporarily) the monument from public viewing.” What the majority wholly ignores, however, is the well-settled rule *315 “that ‘a defendant’s voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.’ ” Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (quoting City of Mesquite v. Aladdin’s Castle, Inc., 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982)). Otherwise, “the courts would be compelled to leave ‘[t]he defendant ... free to return to his old ways.’ ” Id. (quoting City of Mesquite, 455 U.S. at 289 n. 10, 102 S.Ct. 1070). Accordingly, “the standard ... for determining whether a case has been mooted by the defendant’s voluntary conduct is stringent: ‘A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.’ ” Id. (quoting United States v. Concentrated Phosphate Exp. Ass’n, 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968)). The party asserting mootness — in this case Harris County[1]— bears the “ ‘heavy burden of persuafding]’ the court that the challenged conduct cannot reasonably be expected to start up again.” Id.
Despite the majority’s assertion to the contrary, it is not at all clear that Harris County’s voluntary removal of the monument caused this case to become moot. Rather, Harris County’s placement of the monument in storage pending completion of the Courthouse renovations mooted this case only if that act made it absolutely clear that the Establishment Clause violation alleged to have occurred in this case could not reasonably be expected to recur. Id. at 193, 120 S.Ct. 693. This is a disputed factual matter, as to which no record has been developed because the issue of mootness was raised for the first time by this Court. Although Harris County asserts in its appellate brief that the redesign of the Courthouse will make it a “physical impossibility” to return the monument to its precise former location, such an assertion is not sufficient to satisfy the heavy burden of persuasion borne by Harris County, particularly since Harris County has made clear its intention to redisplay the monument once the renovations are complete. See Concentrated Phosphate Exp. Ass’n, 393 U.S. at 203, 89 S.Ct. 361 (citing United States v. W.T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953)); Gates v. Cook, 376 F.3d 323, 337 (5th Cir.2004). Without any factual development on the nature and extent of the Courthouse renovations and what, if any, lasting impact they will have on the monument, it cannot “be said with assurance that there is no reasonable expectation that the alleged violation will recur” or that Harris County’s recent actions “have completely and irrevocably eradicated the effects of the alleged violation.” County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (internal quotation marks and citations omitted).[2] I *316 would therefore remand this case to the district court for factfinding on these issues and for an initial mootness determination.

. As the majority points out, upon learning that the Courthouse had closed for renovations and would likely remain closed for a few years, this Court asked the parties to brief that change of circumstances as it pertained to issues stemming from Article Ill's case or controversy requirement, including but not limited to standing and mootness. In response, Harris County took the position in its brief and at oral argument that changed circumstances mooted the case because the monument was being placed in storage until the renovations were completed. Thus, Harris County is the party asserting mootness in this case.

. Indeed, the majority’s discussion of the equities that favor keeping the district court's judgment in place — which emphasizes that Harris County's removal of the monument is only temporary and that preserving the lower court judgment will serve to discourage the parties from relitigating "the identical issues ... under the same circumstances in the fu *316 ture" — only highlights the fact that we cannot be assured without an underlying record that Harris County will not resume its allegedly unconstitutional conduct.